ment. They have challenged statutes of limitations, notice and tolling provisions, and express limitations in the Legislature's defined parameters on causes of action.[20]

As noted by Justice CORRIGAN, the exercise *sub silentio* of judicial power will reign supreme in the new order the new majority desires to create.

For these reasons and those stated in Justice CORRIGAN's statement, I dissent from the new majority's decision to vacate our prior, precedentially supported order to reverse the Court of Appeals judgment and to simply deny leave to appeal without explanation of the majority's failure to follow *Rowland*.

CORRIGAN and MARKMAN, JJ. We join the statement of Justice YOUNG.

*Summary Disposition June 17, 2009:*

ROBERTS V SAFFELL, No. 137749. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we affirm the judgment of the Court of Appeals. Plaintiffs unknowingly purchased a termite-infested house from defendants. Under the Seller Disclosure Act (SDA), MCL 565.951 *et seq.*, defendants were required to prepare a seller's disclosure statement (SDS) regarding "the condition and information concerning the property, known by [sellers.]" MCL 565.957(1). In response to the question concerning whether the house had a "history of infestation . . . (termites, carpenter ants, etc.)," defendants, "based on [their] knowledge at the

---

of governmental immunity in arguing that the governmental defendant must plead immunity as an affirmative defense).

[20] See, e.g., *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich 378, 420-425 (2007) (WEAVER, J., dissenting) (arguing that this Court should follow the common-law discovery rule regarding the accrual date of a claim for the purposes of a statute of limitations without regard to the subsequent enactment of a highly comprehensive statutory scheme meant to preempt the common law); *Roberts v Mecosta Co Gen Hosp (After Remand)*, 470 Mich 679, 709 (2004) (KELLY, J., dissenting) (suggesting we adopt a substantial compliance standard for notices of intent in medical malpractice actions "if they serve the object of the statute and do not prejudice the defendant"); *Cox v Flint Bd of Hosp Managers*, 467 Mich 1, 50-54 (2002) (KELLY, J., dissenting) (contending that the standards of care for a medical malpractice action under MCL 600.2912a should apply to neonatal nurses, even though those individuals are not engaged in the practice of medicine as defined by the statute); *McDougall v Schanz*, 461 Mich 15, 52-55 (1999) (CAVANAGH, J., dissenting) (arguing that statutory standards or requirements for expert witness qualifications in medical malpractice actions do not affect the substance of the cause of action and, therefore, represent a legislative usurpation of judicial power).

signing of this document," answered "no" on the SDS. *Id.* Once plaintiffs subsequently discovered a termite problem, they initiated a claim for innocent misrepresentation, which requires a showing that defendants: (1) made a false statement in a transaction with plaintiff, (2) without knowledge of that statement's falsity, (3) which statement actually deceived plaintiffs, and (4) on which plaintiffs detrimentally relied, with the benefit inuring to defendants. *United States Fidelity & Guaranty Co v Black*, 412 Mich 99, 116 (1981). However, the SDA provides that a seller is "not liable for any error, inaccuracy, or omission in any information delivered pursuant to this act if the error, inaccuracy, or omission was not within the personal knowledge of the transferor . . . ." MCL 565.955(1). Thus, because a claim for innocent misrepresentation requires that a defendant make a false statement *without knowledge* of its falsity, the Court of Appeals correctly held that innocent misrepresentation does not constitute a viable cause of action under the SDA. Whether defendants did or did not possess personal knowledge of the infestation is a matter not before this Court as a result of plaintiffs' abandonment of their fraudulent misrepresentation claim and their exclusive focus on their innocent misrepresentation claim. Reported below: 280 Mich App 397.

*Leave to Appeal Denied June 17, 2009:*

PEOPLE V THURMAN BELL, No. 137381; Court of Appeals No. 277896.
KELLY, C.J., and CAVANAGH, J. We would grant leave to appeal.

PEOPLE V QUILLEN, No. 137553; Court of Appeals No. 285613.
KELLY, C.J., and CAVANAGH, J. We would grant leave to appeal.

PEOPLE V LEANDER TAYLOR, No. 137871; Court of Appeals No. 274171.

PEOPLE V BRITTANY WALKER, No. 137886; Court of Appeals No. 284233.
KELLY, C.J. I would grant leave to appeal.

CALHOUN V BAISDEN, No. 137902; Court of Appeals No. 286453.
HATHAWAY, J. I would grant leave to appeal.

AMERISURE INSURANCE COMPANY V LAMSON, No. 137980; Court of Appeals No. 279588.
HATHAWAY, J. I would grant leave to appeal.

PEOPLE V STOKES, No. 138030; Court of Appeals No. 285585.
KELLY, C.J., and HATHAWAY, J. We would grant leave to appeal.

HOME OWNERS INSURANCE COMPANY V SELFRIDGE, No. 138157; Court of Appeals No. 280112.
HATHAWAY, J. I would grant leave to appeal.

PEOPLE V STEVENSON, No. 138192; Court of Appeals No. 289184.

PEOPLE V MOYER, No. 138208; Court of Appeals No. 279915.
KELLY, C.J., and CAVANAGH, J. We would grant leave to appeal.